IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BMO BANK N.A.                                                                                                    PLAINTIFF

v.                                              Case No. 1:24-cv-01089

WAYDE JACKSON                                                                                              DEFENDANT

## ORDER

Before the Court is a Motion for Default Judgment (ECF No. 10) filed by Plaintiff BMO Bank N.A. ("Plaintiff"). Defendant Wayde Jackson ("Defendant") has not responded, and the time to do so has passed. The Court finds the matter ripe for consideration.

### I.   BACKGROUND

The unchallenged facts of this case are that on January 29, 2021, Plaintiff entered into a Loan and Security Agreement ("Loan Agreement") with Defendant for a sum of $222,355.44 for the purposes of buying a 2021 Volvo VNL-Series semi-trailer truck ("Volvo"). (ECF No. 2, at 2). The Loan Agreement required Defendant to make monthly installments of $3,088.27 for a period of seventy-two (72) months. (ECF No. 2, at 2). The terms of the Loan Agreement stipulated that Defendant would be in default if he failed to pay the amount owed to Plaintiff. (ECF No. 2, at 2). The Loan Agreement also set out that in the event of default, Plaintiff could "declare the indebtedness hereunder to be immediately due and payable." (ECF No. 2, at 2). On or about May 1, 2024, Defendant ceased his monthly payment and defaulted under the terms of the Loan Agreement. (ECF No. 2, at 2).

On December 5, 2024, Plaintiff filed its Complaint. (ECF No. 2). Plaintiff asserts two claims: (1) breach of contract; and (2) replevin. (ECF No. 2, at 2-3). On February 6, 2025,

Plaintiff filed a Motion for Entry of Default by Clerk. (ECF No. 8). On February 7, 2025, entry of default was entered against Defendant. (ECF No. 9). On February 12, 2025, Plaintiff filed the instant motion. (ECF No. 10).

## II. DEFAULT JUDGMENT

A district court may enter a default judgment when a party fails to appropriately respond in a timely manner. *See, e.g., Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997). If the court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). However, the court must ensure that "the unchallenged facts constitute a legitimate cause of action" prior to entering final judgment. *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

In return for the money to buy the Volvo, the Loan Agreement stipulated that "[Defendant] promises to pay [Plaintiff] principal plus pre-computed interest and any administrative fee set forth below (the "Total Amount") of $222,355.44 in 72 instalments as follows $3,088.27 on April 1, 2021, and a like sum on the like date of each month until fully paid . . . ." (ECF No. 10-2, at 5). The Loan Agreement also states that Defendant may "exercise all of the rights and remedies of a secured party under the Uniform Commercial Code and any other applicable laws, including the right to require [Defendant] to assemble the [Volvo] and deliver it to [Plaintiff] at a place to be designated by [Plaintiff] and to enter any premises where the [Volvo] may be without judicial process and take possession thereof." (ECF No. 2, at 3; ECF No. 10-2, at 5). Both parties signed and agreed to the Loan Agreement. (ECF No. 10-2, at 9). Defendant failed to make his required monthly payments. (ECF No. 2, at 2). Defendant subsequently failed to cure his default under the Loan Agreement and failed to turn over the

2

Volvo to Plaintiff. Thus, the Court finds that there was a valid and fully enforceable contract between Plaintiff and Defendant, that Defendant then breached. Further, the Court finds that Plaintiff has presented credible evidence that it has an ownership interest in the Volvo via the Loan Agreement and now has the immediate right to possession. Accordingly, upon review of the pleadings and papers on file, the Court finds that Plaintiff has demonstrated sufficient facts to support a legitimate cause of action against Defendant.

Now the Court will turn to damages. Plaintiff requests that the Court enter default judgment for a sum certain. (ECF No. 2, 2-4; ECF No. 10-2, at 11). This amount is ascertainable from Plaintiff's evidence, so an evidentiary hearing is not necessary. *See Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988).

After determining that a default judgment should be entered, the Court must determine the amount and character of the recovery. Fed. R. Civ. P. 55(b)(2)(B). A default judgment may be entered on a sum certain upon the plaintiff's request, with an affidavit showing the amount due. Fed. R. Civ. P. 55(b)(1). Plaintiff seeks a sum certain in the amount of $99,166.96. (ECF No. 2, at 2-4; ECF No. 10-2). More specifically, via affidavit, Plaintiff seeks $92,120.45 in remaining principal and $7,046.51 in unpaid interest and fees. (ECF No. 10-2, at 11). The Court is satisfied that Plaintiff's affidavit and exhibits establish the requested sum certain of $99,166.96. The Court is also satisfied that Plaintiff's possession of the Volvo is proper. Accordingly, the Court finds that $99,166.96 should be awarded to Plaintiff. The Court also finds that Plaintiff is entitled to immediate possession of the Volvo. This Default Judgment shall include an Order of Delivery that the Volvo shall be returned and surrendered to Plaintiff. If not, the U.S. Marshall or Sherriff of the appropriate county shall assist Plaintiff in taking possession of the same.

## III. CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 10) should be and hereby is **GRANTED**. Judgement is hereby entered in favor of Plaintiff BMO Bank N.A. in the amount of $99,166.96. The Court also finds that Plaintiff's replevin action is proper; thus, Plaintiff make take possession of the Volvo listed below:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2021 | VOLVO | VNL-SERIES | VNL-SERIES: 740:VNL65T740 6X4 | 4V4NC9EHXMN601073 |

It is **ORDERED** that Defendant Wayde Jackson specifically perform his obligations under the Loan Agreement and return or allow the removal of the Volvo.

It is further **ORDERED** that this Default Judgment shall constitute an Order of Delivery and Defendant Wayde Jackson shall deliver the Volvo to Plaintiff BMO Bank N.A. If not, the U.S. Marshall or appropriate Sheriff shall assist Plaintiff BMO Bank N.A. in gaining possession.

It is further **ORDERED** that any subsequent sale or disposition of the Volvo shall be a credit to this judgment.

**IT IS SO ORDERED**, this 16th day of June, 2025.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge